In the United States District Court
Southern District of Texas
Houston Division

| | |
|---|---|
| KELLY N. BRUNSON and<br>JMAEL LARA PENDLETON<br><br>    Plaintiffs,<br><br>v.<br><br><br>VICTORY PACKAGING, L.P.<br><br>    Defendant. | Civil Action No.  4:25-cv-3215 |

### DEFENDANT VICTORY PACKAGING, L.P.'S
### NOTICE OF REMOVAL

To the Honorable United States Court District Judge:

Defendant, Victory Packaging, L.P. ("Victory"), through the assistance of the undersigned counsel of record, files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441, 1446, 1332(a), and Local Rule 81.1, and hereby removes this action from the 189th Judicial District Court of Harris County, Texas, on grounds that diversity of citizenship is complete and the amount in controversy exceeds $75,000.00, stating as follows:

### I.    Introduction & Background

1.  Plaintiffs are Kelly N. Brunson and Jmael Lara Pendleton.

2.  Plaintiffs are represented by:

    Robert E. Ammons
    State Bar No. 01159820
    Adam Milasincic

1

      State Bar No. 24079001
      3700 Montrose Boulevard
      Houston, Texas 77006
      Telephone: 713.523.1606
      Facsimile: 713.523.4159
      Email: rob@ammonslaw.com
            adam@ammonslaw.com

      and

      James F. Self, Jr.
      7701 S. Western Avenue, Suite 202
      Oklahoma City, Oklahoma 73139
      T: (405) 685-2111
      F: (405) 685-2189
      Email: jo.selflaw@yahoo.com; jself@aol.com

3.    Defendant is Victory Packaging, L.P.

4.    Defendant is represented by:

      Brown Sims, P.C.
      Nelson Skyler
      Texas Bar No. 00784982
      nskyler@brownsims.com
      Jamie M. Beller
      Texas Bar No. 24123214
      jbeller@brownsims.com
      1990 Post Oak Blvd., Suite 1800
      Houston, Texas 77056
      Telephone: (713) 629-1580
      Facsimile: (713) 629-5027

5.    The case is styled as Cause No. 2025-35866; *Kelly N. Brunson and Jmael Lara Pendleton v. Victory Packaging, L.P.;* in the 189th Judicial District of Harris County, Texas.

6.    The name and address of the court from which the case is being removed is:

      189th Judicial District Court of Harris County
      Honorable Tamika Craft-Demming, Presiding
      Harris County Civil Courthouse
      201 Caroline, 12th Floor
      Houston, Texas 77002
      Tel. 832.927.2325

7. Plaintiffs filed their state court action against Defendant, Victory Packaging, L.P., in Harris County, Texas on May 21, 2025. [1]

8. The case is still pending.

9. Victory was served by personal service on June 13, 2025.[2]

10. Victory filed its Original Answer June 3, 2025. [3]

11. May 22, 2025, Judge Lauren Reeder entered an order transferring the matter from the 152nd District Court of Harris County to the 189th District Court of Harris County.[4]

12. July 3, 2025, James F. Self filed an Unopposed Motion for Pro Hac Vice Admission.[5]

13. July 3, 2025, Adam Milisincic filed an Unopposed Motion in Support of James F. Self's, Jr.'s Motion for Pro Hac Vice Admission.[6]

14. At the time of this filing, no other Pleadings have been filed.

15. Plaintiffs' claims against Victory include Negligence, Gross Negligence and Respondeat Superior. These claims arose out of a motor vehicle accident, which occurred on September 11, 2023; Plaintiffs allege they sustained serious injuries as a result of the accident. [7]

16. Plaintiffs' Original Petition seeks the recovery in excess of $1,000,000.00.[8]

17. Victory's Notice of Removal is timely as it was filed within 30 days of when Victory received notice of the lawsuit by way of personal service.[9]

---

[1] *See* Plaintiffs' Original Petition, a copy of which is attached as Exhibit C.
[2] *See* Service of Process Notification, a copy of which is attached as Exhibit D.
[3] *See* Original Answer, a copy of which is attached as Exhibit C.
[4] See Transfer Order, a copy of which is attached as Exhibit D.
[5] See Unopposed Motion for Pro Hac Vice Admission, a copy of which is attached as Exhibit C.
[6] See Unopposed Motion in Support of James F. Self Jr.'s Motion for Pro Hac Vice Admission, a copy of which is attached as Exhibit C.
[7] See Plaintiffs' Original Petition, a copy of which is attached as Exhibit C.
[8] Id.
[9] 28 USCS § 1446

3

18.     Additionally, Victory's Notice of Removal is timely as it is filed within 30 days of when it was first ascertainable that the case could be removed based on diversity jurisdiction. [10]

19.     The one-year deadline on removal for diversity cases under 28 U.S.C. 1446(c) has not elapsed.

## I.     The Parties

20.     Plaintiffs are Kelly N. Brunson and Jmael Lara Pendleton, at all times relevant to this removal, that is, at the time of filing this suit and through the time the case was removed to federal court, Plaintiffs, are domiciled in Oklahoma and Texas. [11]

21.     Victory, at all times relevant to this removal, is a Limited Partnership; The general partner of Victory Packaging, L.P. is WestRock Victory GP Holding, LLC a Delaware limited liability company. The limited partner of Victory Packaging, L.P. is WestRock Timber Note Holding Company IV, LLC, a Delaware limited liability company. No partner of Victory is a Texas citizen. Victory Packaging, L.P. is a citizen of Delaware and Georgia.[12]

## II.     Basis for Removal

### A.     Removal Standard

22.     District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). Any

---

[10] *Id*.
[11] *See* Plaintiffs' Original Petition, a copy of which is attached as Exhibit C.
[12] See Certificate of Interested Parties and Corporate Disclosure Statement attached hereto as Exhibit F.

4

civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.[13] Removal is appropriate because it has been sought within thirty (30) days of Defendant having been served, and because it has been less than one year since this action was originally commenced.[14]

### B.     Diversity of Citizenship – Complete Diversity

23.   Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants.[15] A United States citizen who is domiciled in a state is a citizen of that state.[16]

24.   Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a). Plaintiffs are citizens of Oklahoma and Texas. Defendant is a domestic limited partnership; its partners are citizens of Delaware and Georgia.

25.   For purposes of assessing diversity of citizenship, a Limited Partnership is deemed to be a citizen of every state in which any general or limited partner is a citizen.[17] Citizenship is determined at the time the state court suit was filed.[18]

26.   Pursuant to Federal Rule of Civil Procedure 7.1, Victory is a limited partnership:

---

[13] *See* 28 U.S.C. § 1441(a).
[14] *See* 28 U.S.C. § 1446(b).
[15] *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).
[16] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citing *Robertson v. Cease*, 97 U.S. 646, 648-50 (1878)).
[17] See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).
[18] *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

a. The general partner of Victory Packaging, L.P. is WestRock Victory GP Holding, LLC a Delaware limited liability company.

b. The limited partner of Victory Packaging, L.P. is WestRock Timber Note Holding Company IV, LLC a Delaware limited liability company.

c. WestRock Timber Note Holding Company IV, LLC owns 100% of the ownership interests in WestRock Victory GP Holding, LLC.

d. The ownership interests in WestRock Timber Note Holding Company IV, LLC are held by three different corporate entities.  Those entities are identified below and traced up to the first corporation in its chain of ownership.

   i. WestRock Company of Texas owns approximately 5% of the ownership interests in WestRock Timber Note Holding Company IV, LLC.  WestRock Company of Texas is a Georgia corporation with its principal place of business in Georgia.

   ii. WestRock Evadale Holdings, LLC owns approximately 40% of the ownership interests in WestRock Timber Note Holding Company IV, LLC.  WestRock MWV, LLC owns 100% of the ownership interests in WestRock Evadale Holdings, LLC.  WRKCo Inc. owns 100% of the ownership interests in WestRock MWV, LLC.  WRKCo Inc. is a Delaware corporation with its principal place of business in Georgia.

   iii. WestRock Victory Holding, LLC owns approximately 55% of the ownership interests in WestRock Timber Note Holding Company IV, LLC.  WestRock Kraft Paper, LLC owns 100% of the ownership interests in WestRock Victory Holding, LLC.  WestRock Paper and Packaging, LLC owns 100% of the ownership interests in WestRock Kraft Paper,

    LLC.  WRKCo Inc. owns 100% of the ownership interests in WestRock Paper and Packaging, LLC.  WRKCo Inc. is a Delaware Corporation with its principal place of business in Georgia.

 e. As a result of the ownership of its partnership interests, Victory Packaging, L.P. is a citizen of Delaware and Georgia.

 f. No publicly held corporation directly owns 10% or more of the limited partnership's interests.  Victory Packaging, L.P. is ultimately owned, indirectly, by Smurfit Westrock plc, an Irish public limited company that is publicly traded on the New York Stock Exchange under the ticker symbol SW (NYSE: SW). Smurfit Westrock plc also has a secondary, standard listing on the London Stock Exchange under the ticker symbol SWR (LSE: SWR). No publicly traded company owns 10% or more of the stock of Smurfit Westrock plc. No other publicly held corporation or publicly held entity owns 10% or more of Victory Packaging, L.P.[19]

27. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants.[20]

28. There are two Plaintiffs, Kelly N. Brunson and Jmael Lara Pendleton, and they are citizens of Oklahoma and Texas.

29. There is only one Defendant, Victory Packaging, L.P., and is a domestic limited partnership, its partners are citizens of Delaware and Georgia.

---

[19] See Victory Packaging's Certificate of Interested Persons and Corporate Disclosure Statement attached hereto as Exhibit F.
[20] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

30. There is complete diversity of citizenship between the parties. Therefore, the diversity requirement for removal is satisfied.

**C.    Amount in Controversy**

31. Plaintiffs' Original Petition asserts damages in excess of $1,000,000.00.[21]

**D.    Removal is Timely and Proper**

32. Plaintiff served Victory's proper registered agent on June 13, 2025. Accordingly, this Notice of Removal is timely. 28 U.S.C. §1446(b). In general, if a suit is removable when it is filed, the defendant must file the notice of removal within 30 days after receiving both the summons and a copy of the complaint.[22] Defendant's Notice of Removal is timely and properly filed, as it is filed no more than 30 days after Defendant was served with Plaintiffs' Original Petition.

33. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. § 1441(a) because this district and division encompass Harris County where the state court action is pending.

34. Pursuant to 28 U.S.C. §1446(a), Victory attaches to this Notice a copy of all pleadings, process, orders, and all other filings in the State Action.

35. Pursuant to 28 U.S.C. §1446(d), promptly after Victory files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

---

[21] See Plaintiffs' Original Petition, a copy of which is attached as Exhibit C.
[22] *See* 28 U.S.C. § 1446(b)(1).

36. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the District Clerk of Harris County after Victory files this Notice.

37. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. §1446(b)(2)(A).

### E. Required Documents

38. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule CV-81(1), (2), and (3).

39. A copy of the state court docket sheet is attached to this notice as required by Local Rule CV-81(4).

40. An index of matters being filed is attached to this notice as required by Local Rule CV-81(5).

41. A list of A list of all counsel of record, including addresses, telephone numbers and parties represented. is attached to this notice as required by Local Rule CV-81(6).

### F. Documents Filed with this Notice

42. Victory files the following document with the Court:

> **Exhibit A:** An index of the documents being filed
>
> **Exhibit B:** Civil Docket Sheet in the State Court Action
>
> **Exhibit C:** Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings:

1. Plaintiff's Original Petition
2. Victory's Original Answer
3. Transfer Order
4. Unopposed Motion for Pro Hac Vice Admission
5. Unopposed Motion in Support of James F. Self Jr.'s Motion for Pro Hac Vice Admission.

**Exhibit D:** All executed process in the case

**Exhibit E:** A list of all counsel of record, including addresses, telephone numbers and parties represented

**Exhibit F:** Victory Packaging, L.P.'s Certificate of Interested Persons and Corporate Disclosure Statement.

## G.  Required Notice

43. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this notice of removal with the Harris County District Clerk's Office where the suit has been pending.

## H.  FRCP Rule 38 Demand

44. A jury trial is demanded on all issues presented in this case.

## Conclusion

Based on the foregoing, Defendant Victory Packaging, L.P. respectfully requests that the Honorable Court remove this action to the United States District Court for the Southern District of Texas Houston Division. Defendant additionally prays for such further relief, at law or equity, to which he may prove himself justly entitled.

{Signatures on Following Page}

Respectfully submitted,
**BROWN SIMS, P.C.**

By: */s/ Nelson Skyler*

    Nelson Skyler
    Texas Bar No. 00784982
    Federal I.D. No. 22969
    nskyler@brownsims.com
    Jamie Beller
    Texas Bar No. 24123214
    Federal I.D. No. 3727008
    jbeller@brownsims.com
    1990 Post Oak Blvd., Suite 1800
    Houston, TX 77056
    Telephone: (713) 629-1580
    Facsimile: (713) 629-5027

**ATTORNEYS FOR DEFENDANT
VICTORY PACKAGING, L.P.**

## Certificate of Service

I certify that I have served a true and correct copy of this instrument on all attorneys of record, and/or pro-se litigants on July 11, 2025 in accordance with the Texas Rules of Civil Procedure.

*/s/ Nelson Skyler*
Nelson Skyler